IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARTHUR BUSTOS, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF ROBERT ALAN BOGGS, and TERI
TRICARICO, individually, BILLY BOGGS,
individually, PAULA JO PASCHALL,
individually, and Cordis Ray Fuller,
individually,

    Plaintiffs,

vs.                                                       Cause No. 1:23-cv-00679-JFR-JHR

RYDER TRUCK RENTAL, INC. and
ARLIE SHAWN JORDAN,

    Defendants.

**DEFENDANT RYDER TRUCK RENTAL, INC.'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, Ryder Truck Rental, Inc. ("Ryder"), by and through its counsel, and files its Original Answer, and in support shows as follows:

I.

1. **Parties:** Defendant Ryder is without knowledge sufficient to admit or deny the statements made in Paragraph 1.1 with regard to Plaintiff Arthur Bustos, Personal Representative, but has no current information contradicting Plaintiffs' claim of residence and domiciliary in San Miguel County, New Mexico.

2. **Parties:** Defendant Ryder is without knowledge sufficient to admit or deny the statements made in Paragraph 1.2 with regard to Teri Tricarico, Paula Jo Paschall, and Cordis Ray Fuller, but has no current information contradicting the statement that they are all residents and domiciliaries of Chavez County, New Mexico.

1

3. **Parties:** In response to Paragraph 1.3, Defendant Ryder admits that it has a lease, rental and maintenance facility located at 1500 Mission Ave. NE in Albuquerque, New Mexico. Ryder otherwise denies the vague allegations in this paragraph about it having a "large" business there that services "all of" New Mexico.

4. **Parties:** In response to Paragraph 1.4, Defendant Ryder admits that its USDOT number is 16130; admits that it is a Florida for-profit corporation; admits that it is registered to do business in New Mexico and that its business identification number is 420943; denies that its principal place of business is in New Mexico; admits that it has a lease, rental and maintenance facility located at 1500 Mission Ave. NE in Albuquerque, New Mexico, which generates revenue; and otherwise denies the vague allegations in this paragraph, including those about having a "very large business" there that services "the entire state" of New Mexico.

5. **Parties:** Defendant Ryder admits the allegations in Paragraph 1.4 (sic).

6. **Parties:** Defendant Ryder is without knowledge sufficient to admit or deny the statements made in Paragraph 1.5 with regard to Robert Alan Boggs, the Deceased, but has no current information contradicting Plaintiffs' claim of residence in Roswell, New Mexico at the time of his death.

7. **Venue and Jurisdiction:** Defendant Ryder is without knowledge sufficient to admit or deny the statements made in Paragraph 2.1 with regard to the Plaintiffs' residences but has no current information contradicting Plaintiffs' claim of residence in New Mexico. The remainder of the allegations contained in Paragraph 2.1 are moot in light of the removal of the case to this Court. To the extent any response is required, Defendant Ryder denies the remaining allegations in Paragraph 2.1.

8. **Venue and Jurisdiction:** Defendant Ryder denies the allegations in Paragraph 2.2 regarding this Honorable Court having personal jurisdiction over Defendant Ryder. Ryder repeats and incorporates by reference its responses to Paragraphs 1.4 and 1.4 (sic) (answers 4 and 5 above)

9. **Venue and Jurisdiction:** In response to Paragraph 2.3, Defendant Ryder admits that on February 1, 2023, Defendant Arlie Jordan was employed by Ryder and had been given permission by Ryder to drive one of its trucks (owned by Ryder Truck Rental LT and leased to Defendant Ryder Truck Rental, Inc.) from his home to his place of employment with Ryder in Lubbock, Texas. Defendant Jordan had not yet arrived at Ryder or started work that day when the crash happened. Ryder was not present at the time and place of the crash and has no firsthand knowledge of what happened, but has no current information contradicting the statement that the crash resulted in the death of Robert Boggs and injury to a DPS Trooper. Ryder is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 2.3.

10. **Venue and Jurisdiction:** In response to Paragraph 2.4, Defendant Ryder repeats and incorporates by reference its answer to Paragraph 2.3 (answer 9 above).

11. **Venue and Jurisdiction:** Defendant Ryder is without sufficient information to admit or deny the allegations in Paragraph 2.5.

12. **Jurisdiction:** Defendant Ryder repeats and incorporates by reference its answers to Paragraphs 1.4 and 1.4 (sic) (answers 4 and 5 above). Ryder is a Florida corporation with its principal place of business in Florida. It otherwise denies the allegations contained in Paragraph 2.4 (sic), including the allegations that New Mexico is its base of operations, that New Mexico is its home state, and that it is subject to in-personam jurisdiction in New

Mexico in this case. No answer is required by Ryder to the allegations made in this paragraph against Defendant Jordan, and so no answer is made thereto.

13. **Jurisdiction:** Defendant Ryder denies the allegations in Paragraph 2.5 (sic).

14. **General Allegations:** Paragraph 3.1 of Plaintiffs' Original Complaint contains no factual allegations. In that regard, Defendant Ryder cannot admit or deny the assertions in Paragraph 3.1. To the extent a response may be required, Defendant Ryder incorporates its Answers to Paragraphs 1.1 through 2.5 (sic) as though set forth fully herein.

15. **General Allegations:** In response to Paragraph 3.2, Defendant Ryder repeats and incorporates by reference its answer to Paragraph 2.3 (answer 9 above).

16. **General Allegation:** In response to Paragraph 3.3, Defendant Ryder repeats and incorporates by reference its answer to Paragraph 2.3 (answer 9 above).

17. **General Allegation:** Defendant Ryder is without sufficient information to admit or deny the allegations in Paragraph 3.4.

18. **General Allegation:** Defendant Ryder denies the allegations in Paragraph 3.5.

19. **General Allegation:** Defendant Ryder denies the allegations in Paragraph 3.6 as they relate to Defendant Ryder. Defendant Ryder is without sufficient information to admit or deny the remaining allegations in Paragraph 3.6 as they relate to Arlie Shawn Jordan.

20. **General Allegation:** Defendant Ryder is without sufficient information to admit or deny the allegations in Paragraph 3.7.

21. **Negligence of Ryder Truck Rental, Inc.:** Paragraph 4.1 of Plaintiffs' Original Complaint contains no factual allegations. In that regard, Defendant Ryder cannot admit or deny the assertions in Paragraph 4.1. To the extent a response may be required, Defendant Ryder incorporates its Answers to Paragraphs 1.1 through 3.7 as though set forth fully herein.

22. **Negligence of Ryder Truck Rental, Inc.:** Paragraph 4.2 of Plaintiffs' Original Complaint contains no factual allegations. In that regard, Defendant Ryder cannot admit or deny the legal conclusions asserted therein. Defendant Ryder denied that it failed to act as a reasonable and prudent business owner.

23. **Negligence of Ryder Truck Rental, Inc.:** Defendant Ryder denies the allegations in Paragraph 4.3 including all its subparts identified as a-n.

24. **Negligence of Ryder Truck Rental, Inc.:** Paragraph 4.4 of Plaintiffs' Original Complaint contains no factual allegations. In that regard, Defendant Ryder cannot admit or deny the assertions in Paragraph 4.4. To the extent Paragraph 4.4 alleges facts, those allegations are denied.

25. **Negligence of Ryder Truck Rental, Inc.:** In response to Paragraph 4.5, Defendant Ryder admits that Defendant Arlie Jordan was an employee of Ryder, but Ryder denies that Jordan was acting within the course and scope of his employment at the time of the crash because he was commuting to work and he had not yet arrived at Ryder or started work when the crash happened. And to the extent the factfinder concludes that Jordan intentionally caused the crash, his actions were outside the course and scope of his employment. Defendant Ryder denies that Jordan was not advised to drive his truck in a safe manner consistent with the traffic laws. Plaintiffs' allegations regarding vicarious liability and *respondeat superior* call for legal conclusions that Ryder cannot admit or deny, but to the extent they are based on factual allegations that Jordan was acting within the course and scope of his employment for Ryder when the crash happened, they are denied.

26. **Negligence of Ryder Truck Rental, Inc.:** Defendant Ryder denies the allegations in Paragraph 4.6.

27. **Negligence of Arlie Shawn Jordan:** Paragraph 5.1 of Plaintiffs' Original Complaint contains no factual allegations. In that regard, Defendant Ryder cannot admit or deny the assertions in Paragraph 5.1. To the extent a response may be required, Defendant Ryder incorporates its Answers to Paragraphs 1.1 through 4.6 as though set forth fully herein.

28. **Negligence of Arlie Shawn Jordan:** Paragraph 5.2 of Plaintiffs' Original Complaint contains no factual allegations. In that regard, Defendant Ryder cannot admit or deny the assertions in Paragraph 5.2. Further, Defendant Ryder is without sufficient information to admit or deny any allegations related to "Chance Jordan.". To the extent Paragraph 5.2 alleges facts regarding Defendant Ryder, those allegations are denied. To the extent Paragraph 5.2 alleges facts regarding Defendant Jordan, Defendant Ryder is without sufficient information to admit or deny those allegations.

29. **Negligence of Arlie Shawn Jordan:** Defendant Ryder is without sufficient information to admit or deny the allegations in Paragraph 5.3, including all its subparts from a-h, that Defendant Jordan was negligent. Further, Defendant Ryder is without sufficient information to admit or deny any allegations related to "Chance Jordan.".

30. **Negligence of Arlie Shawn Jordan:** Paragraph 5.4 of Plaintiffs' Original Complaint contains no factual allegations. In that regard, Defendant Ryder cannot admit or deny the assertions in Paragraph 5.4. To the extent Paragraph 5.4 alleges facts, Defendant Ryder is without knowledge or information sufficient to admit or deny those allegations.

31. **Negligence of Arlie Shawn Jordan:** Defendant Ryder is without sufficient information to admit or deny the allegations in Paragraph 5.5.

32. **Negligence of Arlie Shawn Jordan:** Paragraph 5.6 of Plaintiffs' Original Complaint contains no factual allegations. In that regard, Defendant Ryder cannot admit or deny the

assertions in Paragraph 5.6. To the extent Paragraph 5.6 alleges facts, Defendant Ryder is without knowledge or information sufficient to admit or deny those allegations.

33. **Negligence of Arlie Shawn Jordan:** Paragraph 5.7 of Plaintiffs' Original Complaint contains no factual allegations. In that regard, Defendant Ryder cannot admit or deny the assertions in Paragraph 5.7. To the extent Paragraph 5.7 alleges facts, Defendant Ryder is without knowledge or information sufficient to admit or deny those allegations.

34. **Negligence of Against Arlie Shawn Jordan:** Defendant Ryder is without sufficient information to admit or deny the allegations in Paragraph 5.8.

35. **Negligence of Arlie Shawn Jordan:** Defendant Ryder is without sufficient information to admit or deny the allegations in Paragraph 5.10 (sic).

36. **Negligence of Arlie Shawn Jordan:** Defendant Ryder is without sufficient information to admit or deny the allegations in Paragraph 5.11.

37. **Damages and Loss of Consortium:** Paragraph 6.1 of Plaintiffs' Original Complaint contains no factual allegations. In that regard, Defendant Ryder cannot admit or deny the assertions in Paragraph 6.1. To the extent a response may be required, Defendant Ryder incorporates its Answers to Paragraphs 1.1 through 5.11 as though set forth fully herein.

38. **Damages and Loss of Consortium:** Defendant Ryder is without sufficient information to admit or deny the allegations in Paragraph 6.2.

39. **Damages and Loss of Consortium:** Defendant Ryder is without sufficient information to admit or deny the allegations in Paragraph 6.3.

40. **Jury Demand:** Paragraph 7.1 of Plaintiffs' Original Complaint contains no factual allegations. In that regard, Defendant Ryder cannot admit or deny the assertions in Paragraph 7.1. To the extent Paragraph 7.1 alleges facts, those allegations are denied.

41. **Prayer for Relief:** Paragraph 8.1 of Plaintiffs' Original Complaint contains no factual allegations. In that regard, Defendant Ryder cannot admit or deny the assertions in Paragraph 8.1. To the extent Paragraph 8.1 alleges facts, those allegations are denied.

II.

**DEFENDANT RYDER'S AFFIRMATIVE DEFENSES**

42. Defendant Ryder asserts, pursuant to FRCP 12(b)(2), that this court lacks personal jurisdiction of it because it is incorporated in Florida, its principal place of business is in Florida, the subject accident happened in Texas, Robert Boggs died in Texas, and all of the allegedly tortious conduct took place in Texas.

43. Defendant Ryder asserts, pursuant to FRCP 19(b), that Plaintiffs are unable to join Defendant Arlie Shawn Jordan as a party in this action because Defendant Jordan is not subject to personal jurisdiction in New Mexico.

44. Plaintiff's claims against Defendant Ryder are barred in whole or in part by the comparative fault of parties and/or non-parties other than Defendant Ryder.

III.

**CROSS-CLAIM AGAINST DEFENDANT JORDAN**

44. Defendant Ryder demands contribution from Defendant Jordan for all harm and damages caused by his alleged negligent, intentional and willful acts and omissions that led to the incident made the basis of this suit.

IV.

**GOVERNING LAW**

45. Defendant Ryder further asserts that the claims asserted by the Plaintiffs are governed by Texas law.

## V.

## **TRIAL BY JURY**

**46.**   Defendant Ryder hereby demands trial by jury.

## **PRAYER**

**47.**   Defendant Ryder denies each allegation or prayer for relief not specifically addressed above.  Defendant Ryder respectfully prays that Plaintiffs take nothing by their cause of action, that Defendant Ryder recover its costs incurred, and for such other and further relief, both at law and in equity, to which Defendant Ryder may show themselves justly entitled.

Respectfully submitted,

YLAW, P.C.

*/s/ S. Carolyn Ramos*
S. Carolyn Ramos
*Attorneys for Defendant Ryder*
4908 Alameda Blvd., NE
Albuquerque, NM  87113
(505) 266-3995
(505) 268-6694 (fax)
cramos@ylawfirm.com

I hereby certify that on this 16th day of August 2023,
a true and correct copy of the foregoing was electronically
filed with the Court, causing service to be electronically made
upon the following counsel of record:

Daniel R. Lindsey
Lindsey Law Firm, LLC
920 Mitchell Street
Clovis, New Mexico 88101
(575) 763-8900
danlindsey@suddenlink.net
**Attorneys for Plaintiffs**

*/s/ S. Carolyn Ramos*
S. Carolyn Ramos