## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ARTHUR BUSTOS, PERSONAL
REPRESENTATIVE OF THE ESTATE OF
ROBERT ALAN BOGGS, TERRI
TRICARICO, individually, BILLY BOGGS,
individually, PAULA JO PASCHALL,
individually, and CORDIS RAY FULLER,
individually,

     Plaintiffs,

v.                                  No. 1:23-cv-00679-DHU-JHR

RYDER TRUCK RENTAL, INC., and
ARLIE SHAWN JORDAN, individually,

     Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Ryder Truck Rental, Inc.'s, (hereinafter "Defendant Ryder" or "Ryder") *Motion to Dismiss for Lack of Personal Jurisdiction*. (Doc. 17) (hereinafter "Motion to Dismiss"). Pursuant to the Court's February 20, 2024, Order, Plaintiffs filed their *Response to Ryder Truck Rental, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction* on March 1, 2024. (Doc. 38) (hereinafter "Response to Motion to Dismiss"). Defendant Ryder filed its *Reply in Support of its Motion to Dismiss for Lack of Personal Jurisdiction* on March 13, 2024. (Doc. 39). While the Motion to Dismiss was pending, Plaintiffs filed a *Motion for Leave to Amend Complaint* on Feb. 16, 2024, that is now also before the Court. (Doc. 32). Defendant Ryder filed a response in opposition to the *Motion for Leave to Amend Complaint* on March 1, 2024. (Doc. 37). The Court, having reviewed the parties' submissions, arguments, relevant law, and being fully informed of the premises, now concludes that Defendant's

1

Motion to Dismiss is **GRANTED** and that Plaintiffs' *Motion for Leave to Amend Complaint* is **DENIED AS MOOT.**

## I. BACKGROUND

This suit arises from an automobile accident that occurred on February 1, 2023. Compl. ¶¶ 2.3-2.5 (Doc. 1-1). The plaintiffs are Arthur Bustos, the personal representative of the Estate of Robert Alan Boggs, Teri Tricarico, the mother of the deceased Robert Alan Boggs (hereinafter "Boggs"), Paula Jo Paschall, Boggs's fiancé, and Cordis Ray Fuller, Boggs's maternal grandfather. *Id.* ¶¶ 1.1, 1.2.[1] The defendants are Ryder, a Florida corporation whose principal place of business is in Florida, *id.* ¶ 1.4; Def. Ryder Truck Rental, Inc.'s Original Answer ¶ 12 (Doc. 5) (hereinafter "Ryder Answer"), and Arlie Shawn Jordan (hereinafter "Defendant Jordan" or "Jordan"), an employee of Defendant Ryder who lives and works in the State of Texas. Compl. ¶ 2.4; Ryder Answer ¶ 43. At all times pertinent, Defendant Jordan was an employee of Defendant Ryder and operating a truck owned by Defendant Ryder. Compl. ¶ 2.3; Ryder Answer ¶ 5.

On the morning of February 1, 2023, Defendant Jordan was driving east on State Highway 114 in the State of Texas.[2] Compl. ¶ 2.3; Ryder Answer ¶ 9. The deceased, Robert Alan Boggs, had parked his vehicle on the side of the road. Compl. ¶ 2.3. Defendant Jordan, driving the Ryder truck, crossed the center divider and collided head-on with Boggs's parked vehicle. *Id.* The collision

---

[1] A fifth plaintiff, Billy Boggs, is listed in all case captions; however, his relationship to the deceased and his claim for damages are not asserted in the Complaint. The *Proposed First Amended Complaint for Wrongful Death and Personal Injury Damages* asserts that Mr. Billy Boggs is the deceased's father. Proposed First Am. *See* Compl. ¶ 1.1 (Doc. 32-1). No individualized prayer for relief is requested for Mr. Billy Boggs in the Proposed Amended Complaint. *See* Proposed Am. Compl. ¶¶ 6.1-6.4, 8.1.

[2] The Complaint emphasizes that the accident allegedly took place approximately 40 miles from the Texas-New Mexico border. *See* Compl. ¶ 2.5.

resulted in the death of the Boggs and the injury of a Texas Department of Public Safety Trooper. *Id.*; Ryder Answer ¶ 9.

Plaintiffs filed their complaint for wrongful death and personal injury on June 29, 2023, against Defendants Ryder and Jordan[3] (collectively "Defendants") in the Fourth Judicial District Court of San Miguel County, New Mexico. Plaintiffs requested damages for loss of enjoyment of life, hedonic damages, pain, suffering, anguish, loss of inheritance, loss of consortium, cost of transporting Boggs's remains, burial costs, reimbursement for loss of the vehicle and personal items, and punitive damages, with pre- and post-judgment interest applied to the same. Compl. ¶¶ 6.1-6.3, 8.1. Defendant Ryder removed the case[4] from state court to federal court on August 15, 2023.[5] Doc. 1.

On January 5, 2024, Defendant Ryder filed its Motion to Dismiss. (Doc. 17). Ryder is a Florida corporation with a principal place of business in Florida. *Id.* at 5. Defendant Ryder argues that it is entitled to dismissal because the Court lacks personal jurisdiction over Ryder as its presence in New Mexico is not "continuous and systematic" such that it would be at home in New Mexico. *Id*. at 4. Defendant Ryder asserts that its one rental location in New Mexico does not

---

[3] The record demonstrates that Defendant Jordan was never served with the Complaint or successive pleadings.

[4] Because Defendant Jordan had not been served, Defendant Jordan's consent to the removal was not required.

[5] Pursuant to established law, Defendant Ryder did not waive its jurisdictional defenses by removing the case to federal court. *See, e.g.*, 28 U.S.C. §§ 1441, 1446; *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 128 (3d Cir. 2020) ("A defendant who chooses to remove to federal court does not thus consent to personal jurisdiction; the defendant carries the defenses it had in state court with it to federal court."); *Nationwide Eng'g & Control Sys., Inc. v. Thomas*, 837 F.2d 345, 347-48 (8th Cir. 1988) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1395 (1969)) ("Removal, in itself, does not constitute a waiver of any right to object to lack of personal jurisdiction.").

establish general jurisdiction in New Mexico. *Id.* at 5. Ryder is not incorporated in New Mexico, though it is registered with the New Mexico Secretary of State, as required by New Mexico law. *Id.*; Compl. ¶ 1.4; Ryder Answer ¶ 4.

This Court held a hearing on February 20, 2024, and granted Plaintiffs a ten (10) day extension to file a response to the Motion to Dismiss. *See* Clerk's Minutes (Doc. 35). Defendants were given fourteen (14) days to reply to any response filed by Plaintiffs. *Id.* Plaintiffs' response, which included a request for additional discovery, was filed on March 1, 2024. (Doc. 38). Defendant Ryder filed its reply on March 13, 2024. (Doc. 39).

Meanwhile, on February 16, 2024, Plaintiffs filed their *Motion for Leave to Amend Complaint*. (Doc. 32) (hereinafter "Plaintiffs' Motion"). Pursuant to D.N.M.L.R.-Civ 15.1, Plaintiffs attached their proposed *First Amended Complaint for Wrongful Death and Personal Injury Damages* to Plaintiffs' Motion. (Doc. 32-1) (hereinafter "Proposed Amended Complaint"). Plaintiffs' Proposed Amended Complaint seeks to rebut Defendant Ryder's Motion to Dismiss by pleading additional facts related to the Court's jurisdiction over Defendant. *See id.* Defendant Ryder filed a response in opposition on March 1, 2024. (Doc. 37).

## II. LEGAL STANDARDS

The burden of proving personal jurisdiction rests upon the plaintiff. *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) ("When the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists."). A court may have jurisdiction over a defendant through general personal jurisdiction or specific personal jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011). If a court has general personal jurisdiction over a party, the "court may exercise jurisdiction over an out-of-state party for any purpose." *Dental Dynamics, LLC v. Jolly Dental*

*Grp., LLC*, 946 F.3d 1223, 1229, n.2 (10th Cir. 2020) (internal citations omitted). If a court has specific personal jurisdiction, then the "court may exercise jurisdiction over an out-of-state party *only if* the cause of action relates to the party's contacts with the forum state." *Id.* (internal citations omitted) (emphasis added). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125, 134 S. Ct. 746, 753, 187 L. Ed. 2d 624 (2014). Any state statutory basis for personal jurisdiction, general or specific, must comport with due process. *See Walden v. Fiore*, 571 U.S. 277, 283, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014); Fed. R. Civ. P. 4(k)(1)(A).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72, 105 S. Ct. 2174, 2181, 85 L. Ed. 2d 528 (1985). Jurisdictional "restrictions are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States." *Hanson v. Denckla*, 357 U.S. 235, 251, 78 S. Ct. 1228, 1238, 2 L. Ed. 2d 1283 (1958). If the plaintiff fails to meet her burden of proving personal jurisdiction, the court should dismiss the claims without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("a dismissal for lack of jurisdiction should be entered without prejudice").

A. **General Personal Jurisdiction**

"General jurisdiction is based on an out-of-state defendant's continuous and systematic contacts with the forum state, and does not require that the claim be related to those contacts." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc*., 514 F.3d 1063, 1078 (10th Cir. 2008) (internal quotation marks and citations omitted). "Where a court has general jurisdiction over a defendant, that defendant may be called into that court to answer for any alleged wrong, committed in any

place, no matter how unrelated to the defendant's contacts with the forum." *Am. Fid. Assur. Co. v. Bank of N.Y. Mellon*, 810 F.3d 1234, 1238 (10th Cir. 2016) (quoting with approval *Abelesz v. OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012)). But general jurisdiction only exists when the defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear*, 564 U.S. at 919.

The general jurisdiction analysis "calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 571 U.S. at 139, n.20. Likewise, "[s]imply because a defendant has a contractual relationship and business dealings with a person or entity in the forum state does not subject him to general jurisdiction there." *Shrader v. Biddinger*, 633 F.3d 1235, 1246-47 (10th Cir. 2011). Crucial to the general jurisdiction analysis, then, "are a corporation's place of incorporation and principal place of business." *Daimler*, 571 U.S. at 118; *see also Am. Fid. Assur. Co.*, 810 F.3d at 1241 ("The place of incorporation and principal place of business are particularly, though not solely, important."). Also considered are the extent to which the defendant (1) "solicits business in the state…(2)…sends agents into the state on a regular basis to solicit business; (3)…holds itself out as doing business in the forum state, through advertisements, listings or bank accounts;" and (4) conducts business in the state. *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 457 (10th Cir. 1996) (quoting *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996)).

## B. <u>Specific Personal Jurisdiction</u>

"Specific jurisdiction means that a court may exercise jurisdiction over an out-of-state party only if the cause of action relates to the party's contacts with the forum state." *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017). "Where a federal lawsuit is

6

based on diversity of citizenship, the court's jurisdiction over a nonresident defendant is determined by the law of the forum state." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (citing Fed. R. Civ. P. 4(e)). "This requires [the court] to focus on state law, and particularly, the relevant state's long-arm statute." *Dental Dynamics*, 946 F.3d at 1228. New Mexico's long-arm statute law provides:

> A.  Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:
> (1)      the transaction of any business within this state;
> (2)      the operation of a motor vehicle upon the highways of this state;
> (3)      the commission of a tortious act within this state;
> (4)      the contracting to insure any person, property or risk located within this state at the time of contracting;
> (5)      with respect to actions for divorce, separate maintenance or annulment, the circumstance of living in the marital relationship within the state, notwithstanding subsequent departure from the state, as to all obligations arising from alimony, child support or real or personal property settlements under Chapter 40, Article 4 NMSA 1978 if one party to the marital relationship continues to reside in the state.

N.M. Stat. Ann. § 38–1–16. This gives the New Mexico courts jurisdiction over any person or entity who commits one of the enumerated actions when that action gives rise to a suit. New Mexico's Business Corporation Act ("BCA"), N.M. Stat. Ann. §§ 53–17–1 to –20 also requires foreign corporations to register with the New Mexico Secretary of State. That statute provides:

> Each foreign corporation authorized to transact business in this state shall have and continuously maintain in this state:
> A.  a registered office which may be, but need not be, the same as its place of business in this state; and
> B.  a registered agent, which agent may be either an individual resident in this state whose business office is identical with the registered office, or a domestic corporation, or a foreign corporation authorized to transact business in this state, having a business office identical with the registered office.

N.M. Stat. Ann. § 53–17–9. In New Mexico, the registered agent of a foreign corporation accepts service on the foreign entity's behalf. Specifically:

> The registered agent appointed by a foreign corporation authorized to transact business in this state shall be an agent of the corporation upon whom any process, notice or demand required or permitted by law to be served upon the corporation may be served. Nothing in this section limits or affects the right to serve any process, notice or demand, required or permitted by law to be served upon a corporation in any other manner now or hereafter permitted by law.

N.M. Stat. Ann. § 53–17–11. New Mexico's long-arm statute "extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible." *Tercero v. Roman Cath. Diocese*, 132 N.M. 312, 316, 48 P.3d 50, 54 (N.M. 2002). Because the New Mexico long-arm statute extends as far as constitutionally permissible, a court only needs to conduct a due process analysis. *See DiPanfilo*, 671 F.3d at 1166.

Turning to the due process analysis, the U.S. Constitution "authorizes personal jurisdiction if two elements are met." *Dental Dynamics*, 946 F.3d at 1229. "First, a defendant must have 'purposefully established minimum contacts within the forum state.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). "Second, the assertion of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *Id.* (citing *Burger King*, 471 U.S. at 476).

### 1.   Minimum Contacts

"The minimum contacts test for specific jurisdiction encompasses two distinct requirements: (i) that the defendant must have 'purposefully directed its activities at residents of the forum state,' and (ii) that 'the plaintiff's injuries must arise out of [the] defendant's forum-related activities.'" *Old Republic*, 877 F.3d at 904.

#### a. Purposeful Availment

First, a court must determine whether a defendant "purposefully directed its activities at the forum state" or "purposefully availed itself of the privilege of conducting activities…in the forum state." *Dudnikov*, 514 F.3d at 1071 (internal quotation marks omitted). The mere

8

foreseeability of an injury occurring in the forum state does not create personal jurisdiction. *See id.* at 1077. In addition to foreseeability, the defendant must have undertaken "intentional actions that were expressly aimed at that forum state." *Id.* (citing *Calder v. Jones*, 465 U.S. 783, 789–90, 104 S. Ct. 1482, 1486–88, 79 L. Ed. 2d 804 (1984)). However, "parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for the consequences of their activities." *TH Agric. & Nutrition, LLC v. Ace Eur. Grp. Ltd.*, 488 F.3d 1282, 1287–88 (10th Cir 2007) (quoting *Burger King*, 471 U.S. at 473). The court evaluates "both the quantity and the quality of a defendant's contacts with the forum." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 840 (10th Cir. 2020). The purposeful availment prong may be satisfied by any of four frameworks: "(1) continuing relationships with forum state residents;…(2) deliberate exploitation of the forum state market;…(3) harmful effects in the forum state;" *Old Republic*, 877 F.3d at 905 (citing *Burger King*, 471 U.S. at 472–73), and (4) "the stream-of-commerce theory." *Id.* at 909, n.21.

Summarizing these frameworks, the "continuing relationship" theory is utilized in suits arising from contractual disputes. "[T]he absence of prior negotiations, long-term contractual commitments, or any significant course of dealing" will prevent the court from "finding purposeful direction under the continuing relationships framework." *Id.* at 910. Under the "market exploitation" framework, the court looks to "(a) high sales volume and large customer base and revenues, and (b) extensive nationwide advertising or ads targeting the forum state." *Id.* at 915. "Substantial and regular sales in the forum state can constitute deliberate exploitation of its market." *Id.* (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 781, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984)) (internal quotation marks omitted). Next, under the "harmful effects" framework, purposeful availment requires "showing more than simply harm suffered by a plaintiff

who resides in the forum state." *Id.* at 917 (citing *Walden*, 571 U.S. at 290). "Instead, 'courts look to indications that a defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state.'" *Id.* (quoting *Shrader*, 633 F.3d at 1241). Finally, the "stream-of-commerce" theory "typically governs cases in which the defendant sells a defective product to a third party who takes the product into the forum state." *Id.* at n.21 (citing *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 109–12, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)).

If a defendant's actions substantiate a finding that the defendant purposefully availed itself of, or directed its activities at, the forum state under any of the four frameworks, prong one of the specific personal jurisdiction test is satisfied. *See id*. at 905, 909.

**b.  Arising out of or Related to**

"Step two of the minimum contacts test requires [the court] to determine whether the plaintiff's injuries 'arise out of' the defendant's forum-related activities." *Id*. at 908. "[T]he defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. at 284. "[T]he plaintiff cannot be the only link between the defendant and the forum." *Id.* at 285. Instead, "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id.* at 286 (quoting *Burger King*, 471 U.S. at 475). "The arising-out-of component of the test requires courts to ensure that there is an adequate link between the forum State and the claims at issue, regardless of the extent of a defendant's other activities connected to the forum." *XMission*, 955 F.3d at 840 (citing *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 264, 137 S. Ct. 1773, 1781, 198 L. Ed. 2d 395 (2017)).

"In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State.'" *Bristol-Myers*, 582 U.S. at 264 (quoting *Goodyear*, 564 U.S. at 919). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* "[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales." *Goodyear*, 564 U.S. at 931, n.6.

### 2. Fair Play and Substantial Justice

If the plaintiff carries its burden of proof to show that the defendant has minimum contacts with the forum state, then the court next asks if the defendant "has presented a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *C5 Med. Werks, LLC v. CeramTec GMBH*, 937 F.3d 1319, 1323 (10th Cir. 2019) (quoting *Old Republic*, 877 F.3d at 904). The court examines unreasonableness by considering "(1) the burden on the defendant, (2) the forum State's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies." *XMission,* 955 F.3d at 840 (quoting *Old Republic*, 877 F.3d at 909).

### III. DISCUSSION

**A. General Personal Jurisdiction over Ryder**

In its Motion to Dismiss, Defendant Ryder asserts that there is no general personal jurisdiction over it because it is a Florida corporation with a principal place of business in Florida. Plaintiffs acknowledge these facts. However, they rely heavily on the Supreme Court's decision in

*Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 134–36, 143 S. Ct. 2028, 216 L.Ed.2d 815 (2023), where the Court held that Pennsylvania's registration requirements for corporations that included explicit consent to general jurisdiction did not violate the Due Process Clause. Because Defendant Ryder registered with the New Mexico Secretary of State to do business as a foreign corporation in New Mexico, Plaintiffs argue that Defendant Ryder is subject to general personal jurisdiction in New Mexico. They also as rely on the fact Defendant Ryder has been operating in New Mexico for approximately 64 years, and the fact Defendant Ryder has previously consented to jurisdiction in New Mexico. Plaintiffs' Proposed Amended Complaint seeks to bolster Plaintiffs' assertion that Defendant Ryder is subject to general personal jurisdiction in New Mexico.

The Court concludes that none of Plaintiffs' arguments in their Response to the Motion to Dismiss or Proposed Amended Complaint support a finding of general personal jurisdiction over Defendant Ryder. In *International Shoe*, the Supreme Court held that, in certain situations, an out-of-state company could be sued without violating due process even when that out-of-state company had not registered to do business in the forum state. *See* 326 U.S. at 312-313. The Supreme Court held that if an out-of-state company had sufficient contacts with or activities in the forum state, it could be "reasonable and just…to permit the state to enforce the obligations which [the company] ha[d] incurred there." *Id.* at 320.

In *Pennsylvania Fire Ins. Co. of Philadelphia v. Gold Issue Mining & Milling Co.*, 243 U.S. 94, 37 S.Ct. 344, 61 L.Ed. 610 (1917), the Supreme Court analyzed the personal jurisdiction over a foreign corporation that *had* registered to do business in the forum state. The Court held that a state could require a foreign corporation to consent to general personal jurisdiction in that state as a prerequisite to doing business there. *See id.* at 94, 96–97. Accordingly, the Court upheld a Missouri statute requiring foreign corporations to consent to general personal jurisdiction when

registering to do business in the state and found that such statutes do not violate due process rights. *See id.* at 97.

The Supreme Court explicitly reconciled the holdings of *International Shoe* and *Pennsylvania Fire* in its 2023 *Mallory* decision. It stated:

> In reality, then, all *International Shoe* did was stake out an *additional* road to jurisdiction over out-of-state corporations. *Pennsylvania Fire* held that an out-of-state corporation that *has* consented to in-state suits in order to do business in the forum is susceptible to suit there. *International Shoe* held that an out-of-state corporation that *has not* consented to in-state suits may also be susceptible to claims in the forum State based on the quality and nature of its activity in the forum.

*Mallory*, 600 U.S. at 138 (emphasis original) (internal quotation marks and citations omitted). "In other words, the *Mallory* decision recognizes that the jurisdictional due process 'minimum contacts' or 'at home' analysis is not applicable where a party consents to a state's jurisdiction." *Lumen Techs. Serv. Grp., LLC v. CEC Grp., LLC*, 2023 WL 5822503, at *5 (D. Colo. Sept. 8, 2023).

The *Mallory* court went on to analyze the law at issue, which was "explicit that 'qualification as a foreign corporation' shall permit state courts to 'exercise general personal jurisdiction' over a registered foreign corporation, just as they can over domestic corporations." 600 U.S. at 134 (quoting 42 Pa. Cons. Stat. § 5301(a)(2)(i)). The Supreme Court affirmed the constitutionality of state statutes that require consent to general personal jurisdiction for a foreign corporation to do business within the state. *See id.* at 135. Thus, because the forum state's law required consent to general personal jurisdiction, the forum state had jurisdiction over the defendant foreign corporation. *See id.* at 146.

Here, Plaintiffs claim that New Mexico's statutes have the same effect. However, New Mexico's BCA is significantly different from the statutes in *Pennsylvania Fire* and *Mallory*. Unlike each state statute discussed in *Pennsylvania Fire* and *Mallory*, New Mexico's BCA crucially does

not say that registering to do business in New Mexico constitutes consent to general personal jurisdiction over the business entity. In fact, the New Mexico Supreme Court recently and explicitly affirmed this reading of the statute in *Chavez v. Bridgestone Americas Tire Operations, LLC*, 503 P.3d 332 (N.M. 2021). In *Chavez*, the New Mexico Supreme Court considered "whether a foreign corporation that registers to transact business and appoints a registered agent under [the BCA] thereby consents to the exercise of general personal jurisdiction in New Mexico." *Id*. The State's high court answered no: "a foreign corporation is not compelled to consent to general personal jurisdiction by either the language, intent, or purpose of the BCA." *Id*. at 349.

Plaintiffs acknowledge *Chavez*'s holding that New Mexico does not follow the consent-by-registration doctrine. But they argue that the New Mexico Supreme Court "got it wrong" in light of *Mallory*, which Plaintiffs argue specifically authorizes general personal jurisdiction over Defendant Ryder because it is registered to do business in New Mexico. However, as the Fifth Circuit explained in rejecting a similar argument, "*Mallory* analyzes what a state *may* require," but "[n]othing in *Mallory* or *Pennsylvania Fire* supports that due process requires a state to assume personal jurisdiction over a corporation that has a registered agent. It is constitutional for a state *not* to do so." *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 899 (5th Cir. 2024) (second emphasis added). *Chavez* made clear that New Mexico does not follow the consent-by-registration doctrine. 503 P.3d at 336. Due process does not require New Mexico to assume a such a scheme. *See Pace*, 93 F.4th at 899. Under New Mexico law and Supreme Court precedent, there is no general personal jurisdiction over Defendant Ryder in the state of New Mexico.

Consent-by-registration arguments aside, the Tenth Circuit's *Kuenzle* factors do not justify asserting general personal jurisdiction over Defendant Ryder. While Defendant Ryder has had continuous contacts with New Mexico for many years, that does not automatically give New

Mexico general personal jurisdiction over it because "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 571 U.S. at 139, n.20. Defendant Ryder is incorporated in Florida and has its principal place of business there. Although Defendant Ryder solicits business in New Mexico, has agents in New Mexico, and conducts business in New Mexico, these facts are insufficient to find general personal jurisdiction in this case. The *Mallory* defendant "proclaimed itself a proud part of the Pennsylvania Community," 600 U.S. 143 (internal quotation marks omitted), and leveraged its history in the forum state to drum up business, *see id.* Here, Defendant Ryder has far fewer advertisements, has not held itself out as a New Mexico community member, and the vast majority of its business is outside New Mexico.

In summary, there is no general personal jurisdiction over Defendant Ryder.

### B. **Specific Personal Jurisdiction over Ryder**

Although Plaintiffs focus the bulk of their argument on the general personal jurisdiction analysis, the Court must still consider whether there is specific personal jurisdiction over Defendant Ryder. Defendant Ryder asserts that there is no specific personal jurisdiction it because the events leading to this cause of action did not arise out of or relate to Defendant Ryder's business in the state. Plaintiffs, on the other hand, argue that Defendant Ryder has purposefully availed itself of New Mexico law due to its longstanding business in New Mexico. Plaintiffs additionally claim that the location of the accident is not determinative of specific personal jurisdiction.

#### 1. **Ryder's Purposefully Direct Activities**

A foreign entity purposefully directs activities in a forum state when it undertakes "intentional actions that [are] expressly aimed at the forum state." *Dudnikov*, 514 F.3d at 1077. When a foreign defendant purposefully directs activities at a forum state, that defendant is purposefully availing itself of the forum state's protections. A defendant can purposefully avail

itself of a state's protections in four ways: (1) continuing relationships with the forum's residents, (2) deliberate exploitation of the forum's market, (3) harmful effects in the forum state, or (4) the stream-of-commerce. *See Old Republic*, 877 F.3d at 905, 909, n.21.

In both *XMission* and *Dudnikov*, the Tenth Circuit held that when a foreign defendant commits "(a) an intentional action that was (b) expressly aimed at the forum state with (c) knowledge that the brunt of the injury would be felt in the forum state" there is specific personal jurisdiction over that defendant. *XMission*, 955 F.3d at 841; *see Dudnikov*, 514 F.3d at 1077. Additionally, the Tenth Circuit stated that "a defendant purposefully directs activities into the forum state if it continuously and deliberately exploits the forum State's market." *XMission*, 955 F.3d 849. Deliberate exploitation is found by looking to the foreign defendant's sales volume, customer base, revenues, and national or forum-specific advertising. *See id.*

Defendant Ryder has been registered to do business, has conducted business, and maintains a registered agent in the State of New Mexico. Defendant Ryder operates one location in New Mexico from which it does business in the State. Defendant Ryder has continuing relationships with New Mexico residents through its operation of a rental business within the State. Defendant Ryder has also deliberately exploited the New Mexico market through its operation of a business, its maintenance of a New Mexico customer base, its New Mexico revenue, and advertisements within or directed at the State. The third and fourth theories for finding purposeful availment (harmful effects and stream-of-commerce respectively) are not relevant here. Defendant Ryder has purposefully directed activities at and within New Mexico. Its contacts with New Mexico are not random, fortuitous, or attenuated. Defendant Ryder has purposefully availed itself of the protection of New Mexico laws and has sufficient minimum contacts within the State.

16

Despite this conclusion, Plaintiffs have nevertheless failed to establish the second part of the minimum contracts test—that their injuries arise out of Defendant Ryder's forum-related activities—as explained more below. *See Old Republic*, 877 F.3d at 904 (explaining that the minimum contacts test requires (i) purposeful availment *and* (ii) that the plaintiff's injuries arise out of the defendant's forum-related activities.)

### 2. Arising Out of or Related to Defendant Ryder's Activities

A cause of action arises from a defendant's contacts with the forum when it "originate[s]" or "stem[s] from" the defendant's activities. *Arise*, BLACK'S LAW DICTIONARY (11th ed. 2019). For a cause of action to relate to the defendant's contacts, the claims must be "connected in some way" to the defendant's activities. *Related*, BLACK'S LAW DICTIONARY (11th ed. 2019). Accordingly, "[j]urisdiction is proper…where the contacts proximately result from actions by the defendant *himself* that create a substantial connection with the forum State." *Burger King*, 471 U.S. at 475 (emphasis original) (internal quotation marks and citations omitted). Similarly, "[d]ue process requires that a defendant be haled into court in a forum State *based on his own affiliation with the State*, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden*, 571 U.S. at 286 (quoting *Burger King*, 471 U.S. at 475) (emphasis added). Accordingly, "there must be 'an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers*, 582 U.S. at 262 (quoting *Goodyear*, 564 U.S., at 919). "When there is no…connection" between the forum and underlying controversy, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 264.

17

Defendant Ryder's activities in New Mexico are unconnected to the underlying controversy. Defendant Jordan lives in Texas and was driving Defendant Ryder's vehicle from his Texas residence to his Texas place of work. There are no facts that suggest Defendant Jordan's use of Defendant Ryder's truck was in any way related to Defendant Ryder's activities in New Mexico. Even though the accident was, according to Plaintiffs, only 40 miles from the Texas-New Mexico border, the accident still occurred in Texas, *not* New Mexico. The residency of most of the Plaintiffs being in New Mexico has no bearing on whether this Court has personal jurisdiction over the Defendants.

The underlying controversy here does not arise out of or relate to Defendant Ryder's activities, business, or contacts in New Mexico. The contacts Defendant Ryder established with New Mexico are not the basis of this cause of action. Likewise, Defendant Ryder is not being haled into court based on its activities in, or affiliation with, New Mexico, but rather on the random contact with New Mexico residents that occurred due to the accident. No activity or occurrence took place in New Mexico that gave rise to this cause of action. Because there is no connection between New Mexico and the underlying controversy, there is no specific jurisdiction over Defendant Ryder, regardless of Defendant Ryder's unconnected business activities in New Mexico.

This Court has neither general nor specific personal jurisdiction over Defendant Ryder. Because there is no specific personal jurisdiction over Defendant Ryder, an analysis of fair play and substantial justice is not required. Without personal jurisdiction over Defendant Ryder, this Court cannot reach the merits of this suit. *See C5 Med. Werks*, 937 F.3d at 1324. Accordingly, the claims against Defendant Ryder are hereby dismissed without prejudice. *See Brereton*, 434 F.3d at 1218 ("a dismissal for lack of jurisdiction should be entered without prejudice").

**IV. CONCLUSION**

**IT IS THEREFORE ORDEREDED** that Ryder Truck Rental Inc.'s *Motion to Dismiss for Lack of Personal Jurisdiction*. (Doc. 17) is **GRANTED** and that Plaintiffs' *Motion for Leave to Amend* (Doc. 32) is **DENIED AS MOOT**. Plaintiffs' claims against Ryder Truck Rental, Inc. are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction. The Clerk of Court is **DIRECTED** to terminate Ryder Truck Rental Inc. as a Defendant in this case.

**IT IS SO ORDERED**.

_____

HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE